Marshall, C. J.
These three cases are upon similar facts, and identical legal questions are involved in each and all. The cases are original actions in *226 this court, praying the allowance of the peremptory writ of mandamus. Notice was duly served upon the defendant and he appeared by counsel in opposition to the allowance of the writ.
The petition alleges, that, in a proceeding before the county commissioners of Holmes county for a joint county ditch improvement, certain proceedings were had in Holmes and Wayne counties, whereby it was ordered that such improvement be made, and that, thereafter, in the course of said proceeding, on the 8th day of May, 1922, the board of county commissioners of Holmes county made a certain order and judgment whereby it confirmed a report of the county surveyor wherein an assessment in the sum of $6,075.93 was made against the property of The C., A. & C. Eailway Company for such improvement. Assessments were also confirmed against the property of The Pennsylvania Eailroad Company and The B. & O. Eailroad Company. Thereupon the relators gave respective notices of appeal, and filed a statement of appeal in the court of common pleas of Holmes county, and within ten days after the decision of the board of county commissioners, to-wit, on May 14, 1922, filed appeal bonds with defendant T. D. Glasgo, county auditor of Holmes county, Ohio, and requested such defendant to file the bonds and approve the same. Such bonds were in fact marked filed on May 15,1922, but were never approved. On the contrary, on May 16, defendant stated that he would not approve them, but gave no reasons therefor.
A copy of the appeal bond was attached to and made a part of the petition and appears to be sufficient in form. Section 12288, General Code, gov *227 erns the allowance of the peremptory writ of mandamus : “When the right to require the performance of the act is clear and it is apparent that no valid excuse can be given for not doing it, a court, in the first instance, may allow a peremptory mandamus. In all other cases an alternative writ must first be issued, on the allowance of the court, or a judge thereof. ’ ’
Upon the hearing no objection was made either 10 the form of the bond or the sufficiency of the sureties, or to the amount of the penalty of the bond; but it appeared that the county auditor had been advised by the prosecuting attorney that the sections under which the proceedings were being prosecuted did not provide for an appeal.
Relators were proceeding in this court upon the theory that Sections 6474, 6475 and 6476, Greneral Code, were applicable, and that therefore it was necessary that the bond be approved by the county auditor within ten days from the date of the order and judgment of the county commissioners, which date expired on the day of the hearing in this court.
The jurisdiction of this court and the authority of this court to allow the peremptory writ are invoked by the relators upon the theory that the county auditor has no judicial functions to perform; that the act of approving the bond, if sufficient in form and suretyship, is purely ministerial; and that such officer has no authority to determine whether or not an appeal will lie, even though he be following a course advised by the prosecuting attorney of the county.
It is elementary that the right of appeal can only be determined by the court or tribunal in which the *228 appeal is to be heard on its merits, and it was therefore clearly the duty of the county auditor, in the absence of any valid objection to the form or sufficiency of the bond, or to the sureties thereon, to approve the bond, thereby properly submitting the entire proceeding, including the question of the right to appeal, to the court of common pleas for determination.
The conclusion we have reached in these cases does not determine the applicability of the sections of the code above referred to, or the right of relators to perfect and prosecute an appeal, but, on the contrary, it is the sole purpose of this court in granting the peremptory writ of mandamus to permit that question to be determined in a regular and orderly way by the court to which the proceeding is sought to be appealed.
The peremptory writ of mandamus will therefore be allowed.

Writ allowed.

Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.